IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NOS. WR-63,490-01 AND WR-63,490-02






EX PARTE RICARDO HECTOR DOMINGUEZ, Applicant






ON APPLICATION FOR WRITS OF HABEAS CORPUS 

IN CAUSE NOS. 55237 AND 55229 IN THE 168TH DISTRICT COURT

FROM EL PASO COUNTY




 Per curiam.

 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Applicant was convicted of the offenses of burglary of a habitation and burglary of a
building, and punishment was assessed at nine (9) years' confinement. No direct appeal was
taken.

 Applicant contends that he was a juvenile at the time he committed the underlying
offenses and that he was not properly certified as an adult. 

 The trial court has entered findings of fact or conclusions of law finding that
Applicant claims no collateral consequences from his conviction, and so no remedy is
available to him under Article 11.07. However, we do not believe that those findings are
sufficient to completely resolve the issues presented. Because Applicant has stated facts
requiring resolution and because this Court cannot hear evidence, it is necessary for the
matter to be remanded to the trial court for resolution of those issues. The trial court shall
resolve those issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may
order affidavits, depositions, or interrogatories from defense counsel, the juvenile court, and
anyone else who would have information tending to show whether Applicant was a juvenile
at the time of the offenses and, if so, whether he was properly certified as an adult; or the trial
court may order a hearing. In the appropriate case the trial court may rely on its personal
recollection.

 If the trial court elects to hold a hearing, it shall first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 The trial court shall then make findings of fact as to whether Applicant was a juvenile
at the time of the offenses and, if so, whether he was properly certified as an adult. The trial
court shall also make any further findings of fact and conclusions of law it deems relevant
and appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. The trial court shall resolve
the issues presented within ninety (90) days of the date of this order. (1) A supplemental
transcript containing any affidavits, the transcription of the court reporter's notes from any
interrogatories or hearings held, along with the trial court's findings of fact and conclusions
of law, shall be returned to this Court within one hundred twenty (120) days of the date of
this order. (2)


 IT IS SO ORDERED THIS THE 1st DAY OF February, 2006.





EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.